UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD JAMES ANDERSON, SR.,

    Plaintiff,

vs.                                         Case No. 3:10-cv-921-J-99MMH-MCR

JUDGE WENDY W. BERGER,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Complaint (Doc. 1) as well as Plaintiff's Motion for Appointment of Counsel (Doc. 2). Plaintiff, who is proceeding pro se, filed a Complaint without paying the filing fee and without filing a motion to proceed in forma pauperis.[2] Ordinarily, the Court would require Plaintiff to file an affidavit of indigency and then would review Plaintiff's Complaint, however, a review of the Complaint indicates it is due to be dismissed and therefore, the Court will not require Plaintiff to file an affidavit.

Before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] Plaintiff did ask to proceed in forma pauperis in the Complaint. (See Doc. 1, p .1).

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id. Section 1915 grants broad discretion to the district courts in the management of in forma pauperis cases, and in the denial of motions to proceed in forma pauperis when the complaint is frivolous. Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. Clark, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. Id. A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. Id.

A review of Plaintiff's Complaint reveals it lacks an arguable basis in law. In an eleven-page, handwritten, rambling complaint, Plaintiff appears to be attempting to sue a state court judge, Wendy W. Berger, for violating Plaintiff's constitutional rights during a criminal trial in which Plaintiff and his son were convicted of drug offenses. (Doc. 1). It is not entirely clear what sort of relief Plaintiff seeks. He does not ask for damages, but rather asks that Judge Berger "be disqualified from hearing a case" (Doc. 1, p.2) and "be kicked off the bench" (Doc. 1, p.5) for conduct she engaged in during Plaintiff's trial. These forms of relief are not available in a federal civil rights action. Lacayo v. Dimiceli, No. 08-civ-4970, 2009 WL 331452, at

*3 (E.D. La. Feb. 10, 2009) (noting federal court cannot order that: state court judge be removed from bench, state court policies be changed, the plaintiff be given a formal apology, or that plaintiff's state court charges be dropped).

In an abundance of caution, the Court notes that to the extent Plaintiff seeks either monetary relief or injunctive relief, such claims must fail as well.  To the extent Plaintiff seeks monetary damages, his claims should be dismissed with prejudice as Defendant would be entitled to absolute judicial immunity.  It is well settled that judges are absolutely immune from civil liability for any acts performed in their judicial capacity, providing such acts are not performed in clear absence of all jurisdiction.  Reitmire v. Florida Atty. Gen., No. 2:07-cv-620-FtM-29DNF, 2008 WL 341439, at *2 (M.D. Fla. Feb. 5, 2008) (citing Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Stump v. Sparkman, 435 U.S. 349, 356-357, 98 S.Ct. 1099 (1978); and Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)).  A judge does not act in the "clear absence of all jurisdiction" when his/her actions are in error, malicious, or in excess of his/her jurisdiction; but instead, only when he/she acts without subject-matter jurisdiction.  Dykes v. Hosemann, 776 F.2d 942, 947-48 (11th Cir. 1985).  In the instant case, the acts about which Plaintiff complains were committed during the trial of his criminal case handled by Judge Berger and as they were conducted in a judicial capacity and not in the absence of subject-matter jurisdiction, Judge Berger is entitled to judicial immunity.  As such, any claim for damages is due to be dismissed with prejudice.

As for any claim for equitable relief by Plaintiff, such would not necessarily be precluded by judicial immunity. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provided that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." Bolin, 225 F.3d at 1242. As Plaintiff has failed to plead the existence of either of these exceptions, the Complaint is subject to dismissal to the extent it seeks injunctive relief.

To be entitled to declaratory relief, a plaintiff must show, among other things, that he lacks an adequate remedy at law. Bolin, 225 F.3d at 1242-43. An adequate remedy at law exists where the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. Id. at 1242. In the instant case, Plaintiff has not alleged he has no adequate remedy at law. Moreover, "[a] criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances." Lacayo, 2009 WL 331452, at *3 (citing O'Shea v. Littleton, 414 U.S. 488, 502, 94 S.Ct. 669 (1974)). Accordingly, the undersigned recommends Plaintiff's Complaint be dismissed without prejudice to the extent it seeks equitable relief against Judge Berger.

As the undersigned is recommending Plaintiff's Complaint be dismissed, Plaintiff's Motion to Appoint Counsel (Doc. 2) is due to be denied as moot. In any event, even if Plaintiff were able to state a claim, the motion should be denied. As the Eleventh Circuit has explained:

> A civil litigant . . . has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.

Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted)). In the present case, the Court is not of the view that exceptional circumstances exist to justify an appointment of counsel.

Accordingly, after due consideration, it is respectfully

**RECOMMENDED**:

1. Plaintiff's claims for monetary relief against Judge Wendy Berger be **DISMISSED with prejudice** and Plaintiff's claims for equitable relief against Judge Wendy Berger be **DISMISSED without prejudice** to Plaintiff filing a paid complaint.

2. Plaintiff's Motion to Appoint Counsel (Doc. 2) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida this  20th  day of October, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia M. Howard,
    United States District Judge
Pro Se Plaintiff