## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

RICHARD JAMES ANDERSON, SR.,

    Plaintiff,

vs.                                                            Case No. 3:10-cv-921-J-99MMH-MCR

JUDGE WENDY W. BERGER,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. No. 6; Report), entered on October 20, 2010, recommending that Plaintiff Richard James Anderson, Sr.'s: (1) Civil Rights Complaint Form 1983 (Doc. No. 1; Complaint) against Defendant Judge Wendy W. Berger,[1] which Plaintiff filed pursuant to 42 U.S.C. § 1983, be dismissed; and (2) Plaintiff's Motion for Appointment of Counsel (Doc. No. 2; Motion) be denied. See Report at 5. Plaintiff filed two documents which appear to be directed at the Report. First, Plaintiff filed a Notice on October 29, 2010, in which he repeats his request for the appointment of counsel as well as several of the allegations in his Complaint. See Notice (Doc. No. 8; Notice) at 1-4. Second, Plaintiff filed the Respond [sic]

---

[1] Although the caption on the Complaint reads "RICHARD JAMES ANDERSON, SR Plaintiff vs. JUDGE WENDY W. BERGER, et al., Defendants," Complaint at 1, Judge Berger is the only named defendant in this action. Thus, the Court will construe the action as having been filed against Judge Berger only.

to Report and Recommendation (Doc. No. 9; Response) on November 16, 2010.[2]  See Response at 4-5.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon de novo review, the Court will overrule the objections set forth in the Notice and Response and adopt the Magistrate Judge's Report in its entirety.  In addition, to the extent that Plaintiff seeks monetary relief against Judge Berger in her official capacity, such claims

---

[2] The Court notes that Plaintiff's Response, which was filed more than fourteen days after Plaintiff was served with a copy of the Report, was untimely. See Rule 72(b)(1), Federal Rules of Civil Procedure (Rule(s)) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). However, even if the Response had been timely, it would be due to be overruled. The only discernable objection in the Response is Plaintiff's suggestion that the Magistrate Judge lacked the authority to issue the Report because Plaintiff is seeking a temporary restraining order (TRO) and a preliminary injunction. See Response at 4-5. Although a district court judge may not "designate a magistrate judge to hear and determine . . . a motion for injunctive relief . . .," 28 U.S.C. § 636(b)(1)(A), he or she "may . . . designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . .," of such a motion. 28 U.S.C. § 636(b)(1)(B); see also Local Rule 6.01(c)(18), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) (a magistrate judge may not "issue an injunctive order pursuant to Rule 65 Fed. R. Civ. P., . . . [but he or she] may make recommendations to the Court concerning them."). Here, Judge Richardson merely issued a report and recommendation to the Court, which must be adopted by the Court to become effective. Moreover, Plaintiff asserted his request for a TRO and preliminary injunction for the first time in his Response, which Plaintiff filed after Judge Richardson issued the instant Report. Thus, these requests were not before Judge Richardson when he issued the Report. Accordingly, besides being untimely, Plaintiff's objection that Judge Richardson lacked the authority to issue the Report is without merit and is due to be overruled.

are barred by the Eleventh Amendment and are therefore due to be dismissed with prejudice.[3] Moreover, to the extent that Plaintiff seeks equitable relief against Judge Berger in her official capacity, such claims are due to be dismissed because Plaintiff has failed to allege that he lacks an adequate remedy at law.[4]

Accordingly, it is hereby

**ORDERED**:

1. Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. No. 6) is **ADOPTED** as the opinion of the Court.

2. To the extent that Plaintiff's Notice (Doc. No. 8) constitutes objections to the Magistrate Judge's Report, it is **OVERRULED**.

3. Plaintiff's Respond [sic] to Report and Recommendation (Doc. No. 9) is **OVERRULED**.

4. The Civil Rights Complaint Form 1983 (Doc. No. 1) is **DISMISSED WITH PREJUDICE, in part, and DISMISSED WITHOUT PREJUDICE, in part**.

---

[3] The Eleventh Amendment bars actions for monetary damages brought pursuant to 42 U.S.C. § 1983 against a state court judge in his or her official capacity. See Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996) (finding that district court "erred in awarding damages against [a state court judge] in his official capacity . . ."); see also id. at 1085 ("'[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' and, '[a]s such, it is no different from a suit against the State itself.'" (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (alteration in original))).

[4] See Pulliam v. Allen, 466 U.S. 522, 537 (1984) (noting that to obtain equitable relief, a plaintiff must demonstrate, among other things, that he has "an inadequate remedy at law").

    A.    To the extent that Plaintiff seeks monetary relief from Judge Berger in her individual and/or official capacity, the Complaint is **DISMISSED WITH PREJUDICE**.

    B.    To the extent that Plaintiff seeks equitable relief against Judge Berger in her individual and/or official capacity, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

5.    Plaintiff's Motion for Appointment of Counsel (Doc. No. 2) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of February, 2011.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc15

Copies to:

<u>Pro Se</u> Plaintiff

The Honorable Monte C. Richardson,
    United States Magistrate Judge